# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KATHLEEN ACAVINO | : | CIVIL ACTION |
| --- | --- | --- |
|  | : |  |
| v. | : | NO. 18-2312 |
|  | : |  |
| JOHN W. WILSON, *et al.* | : |  |

## MEMORANDUM

**KEARNEY, J.**                                                                                                      **November 8, 2018**

A spouse disappointed with a state court divorce master holding a hearing potentially affecting her interests in property she believes should be included in her marital estate may pursue review in the state trial and appellate courts. But after the challenged hearing and before the divorce master made findings for the trial judge's review, the disappointed spouse sued the divorce master in his individual capacity under our civil rights laws challenging the divorce master's jurisdiction. This quick sidestep only slowed down her progress. She cannot sue the quasi-judicial divorce master in his individual capacity in this Court to challenge his jurisdiction. He is entitled to quasi-judicial immunity for holding a fact-finding hearing under state law as part of his responsibilities to the state court. We grant the state court divorce master's motion to dismiss the disappointed spouse's second amended complaint with prejudice in the accompanying Order and she can return to her state court to vigorously pursue her rights in the ongoing divorce.

### I.     Facts alleged in Second Amended Complaint.[1]

Philadelphian Kathleen Acavino entered a common law marriage with Philadelphian John Wilson in 1995.[2] In 1997, the couple purchased a house together in Philadelphia with joint funds but the deed is in Mr. Wilson's name.[3] After Pennsylvania eliminated common law marriage in

2004, the couple obtained a marriage license in 2007.[4] They began divorce proceedings under a July 2015 docket in the Philadelphia Court of Common Pleas, Family Division.[5]

At an unplead point in the divorce case, Mr. Wilson's attorney requested the record be transferred to the Philadelphia Family Court Divorce Master Dennis L. O'Connell, Esquire.[6] Master O'Connell scheduled a hearing on an unplead issue for June 4, 2018. Ms. Acavino sought a continuance of this June 4, 2018 hearing so she could petition to amend her complaint in divorce. On June 1, 2018, Ms. Acavino petitioned to amend her complaint in divorce at add the common law marriage portion of their relationship for purposes of determining the marital estate available for distribution.[7] On June 4, 2018, Master O'Connell held a hearing off the record.[8] During the hearing, he told the parties he would consider the time before the 2007 marriage license as living in a meretricious relationship but he would look at the tax returns and bank statements to reach findings as to validity of the common law marriage and Ms. Acavino's share of marital property.[9] Ms. Acavino does not plead Master O'Connell's findings following this June 4, 2018 hearing.

It may be we have no findings from Master O'Connell because Ms. Acavino filed this case the same day of the hearing with Master O'Connell. She sues Master O'Connell in his individual capacity under federal civil rights law because she believes he erred in holding the June 4, 2018 hearing or conference. She seeks a declaratory judgment asking us to determine the length of her marriage, so she can argue for greater marital estate subject to distribution.

At some point – but not as yet – the state court may or may not deprive her of interests in her former husband's house and his City of Philadelphia pension. She alleges these assets are marital property acquired during her common law marriage and she should not lose the value of those assets if the state court only recognizes her marriage as beginning with the 2007 marriage license. The Pennsylvania state court has not ruled and will not proceed while this case is pending

2

here.[10] As we today close this case, Ms. Acavino is able to proceed in the state court should she wish.

## II. Analysis

Master O'Connell moves to dismiss arguing, among other things, he is entitled to quasi-judicial immunity as a divorce master in the state court. In response, Ms. Acavino challenges Master O'Connell's jurisdiction and temperament. Ms. Acavino argues her June 1, 2018 petition to amend divested Master O'Connell of jurisdiction. She concedes the state trial court has not ruled on these issues.[11] We grant Master O'Connell's motion to dismiss this third attempt to plead a civil rights claim with prejudice.[12]

### A. Master O'Connell is entitled to quasi-judicial immunity.

Quasi-judicial immunity protects Master O'Connell from Ms. Acavino's claims because she sues him for actions related to his discretionary function as part of the judicial process.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."[13] Judicial "[i]mmunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches."[14] Judicial immunity does not extend to nonjudicial actions such as administrative or executive actions.[15] It also does not extend to actions, even if judicial in nature, where jurisdiction is lacking.[16] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[17] This judicial immunity extends to nonjudicial officers like Master O'Connell when their "activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge."[18]

3

Ms. Acavino does not plead or argue Master O'Connell is not acting in a manner integrally related to the judicial process or exercising discretion comparable to a judge. To the contrary, she brings this suit to stop him from making findings in his discretion relating to her ongoing divorce proceeding. She sued before he could issue findings, or a judge could enter an order. After we twice dismissed her claims for failing to sue a state actor, she sued Master O'Connell as a state actor. She fears he, as a judicial officer, is exceeding his jurisdiction in the judicial system. These admissions confirm, for purposes of her proceeding, Master O'Connell served in a quasi-judicial role on June 4, 2018. He is entitled to quasi-judicial immunity because his role as a divorce master on June 4, 2018 is functionally comparable to a judge. As plead, Master O'Connell did exactly what the trial court asks of its divorce masters in gathering facts.

### B. We decline to exercise subject matter jurisdiction over claims against Mr. Wilson.

As we dismiss the claims against a state actor and mindful of possible claims against Mr. Wilson under our supplemental jurisdiction[19], we "may decline to exercise supplemental jurisdiction over a claim . . . [if] (3) the district court has dismissed all claims over which it has original jurisdiction."[20] "This decision is left to 'the sound discretion of the district court,' which should focus on whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity."[21] Where all federal claims are dismissed on summary judgment, "the court should ordinarily refrain from exercising [supplemental] jurisdiction in the absence of extraordinary circumstances."[22] The fact parties engaged in extensive discovery and spent significant time litigating in federal court is not a sufficient reason to retain jurisdiction when the discovery obtained may be used in a state court proceeding.[23]

We decline to exercise our supplemental jurisdiction over potential claims against Mr. Wilson, all of which could presumably be raised in the ongoing divorce proceeding. Judicial

4

economy and convenience favor dismissal. Ms. Acavino will not suffer prejudice in working to protect her asserted property interests in state court. Further, should she lose after Master O'Connell's findings, the trial court's findings and appellate review, she may have some remaining rights to then challenge those decisions in a federal court. We express no opinion on this possibility. Comity favors dismissal because it will give a Pennsylvania court an opportunity to interpret its own domestic relations law. We do not find an extraordinary reason to maintain our jurisdiction over possible claims against Mr. Wilson.

### III. Conclusion

In an accompanying Order, we grant Master O'Connell's motion to dismiss as he is entitled to quasi-judicial immunity. As we lack federal subject matter jurisdiction, we decline to exercise supplemental jurisdiction over any claim against her former husband.

---

[1] The second amended complaint represents Ms. Acavino's third attempt at pleading a claim to have this Court address/vacate/overrule a domestic relations hearing. She first sued her former husband and we dismissed as she failed to sue a state actor. ECF Doc. No. 4. She then sued the Commonwealth, which is immune. ECF Doc. No. 5. On September 7, 2018, we dismissed the amended complaint but afforded Ms. Acavino one last opportunity to sue a state actor not immune. ECF Doc. No. 12. She now sues Master O'Connell and her former husband, although she only seeks relief affecting the court system and not her former husband. ECF Doc. No. 14.

[2] ECF Doc. No. 14, ¶ 10.

[3] *Id.* ¶ 11-14.

[4] *Id.* ¶ 20.

[5] *Id.* ¶ 4.

[6] *Id.* ¶ 25.

[7] *Id.* ¶ 26, 27.

[8] *Id.* ¶ 30.

[9] *Id.* ¶ 32.

[10] ECF Doc. No. 23, ¶ 3.

[11] *Id.*

[12] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[13] *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Wacco*, 502 U.S. 9, 12 (1992)).

[14] *Forrestor v. White*, 484 U.S. 219, 227 (1988).

[15] *Id.* at 229-30.

[16] *Gallas v. Supreme Court*, 211 F.3d 760, 769 (3d Cir. 2000) (citations omitted).

[17] *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

[18] *De Ferro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989).

[19] 28 U.S.C. § 1367.

[20] *Id.* at § 1367(c)(3).

[21] *Chotiner v. Phila. Housing Auth.*, No. 02-9504, 2004 WL 2915296, at *11 (E.D. Pa. 2004) (quoting *Annulli v. Panikkar*, 200 F.3d 189, 202 (3d Cir. 1999)).

[22] *Angeloni v. Diocese of Scranton*, 135 F. App'x 510, 514-15 (3d Cir. 2005) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976)).

[23] *Chotiner*, 2004 WL 2915296, at *11 (citing *Annulli*, 200 F.3d at 203).